FILED
CLERK, U.S. DISTRICT COURT
NOV 19 2026
CENTRAL DISTRICT OF CALIFORNIA
BY AP DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>CARLOS ROBERT ESTRADA,<br>Defendant. | Case No. CR26-00740-PA<br>ORDER OF DETENTION |

I.

On November 19, 2026, Defendant Carlos Robert Estrada made his initial appearance on the Indictment filed in this matter. John Targowski, a member of the CJA panel, was appointed to represent Defendant. The government was represented by Assistant United States Attorney Eric Maki. Defendant submitted on the recommendation of detention in the report prepared by United Probation and Pretrial Services.

☒ On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving an offense under 18 U.S.C. §§ 2332b, or 2332b (g)(5)(B), with a 10-year or greater maximum penalty (presumption of danger to community and

flight risk), specifically, 18 U.S.C. §§ 1992(a)(1), (b)(1), (c), an offense with maximum sentence of life imprisonment or death. And 18 U.S.C. § 2(a).

☒ On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

II.

The Court finds that no condition or combination of conditions will reasonably assure: ☒ the appearance of the defendant as required.

☒ the safety of any person or the community.

III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g)] The Court also considered the report and recommendation prepared by U.S. Probation and Pretrial Services.

IV.

The Court bases its conclusions on the following:

As to risk of non-appearance:

☒ partially verified background information – Defendant did not provide information regarding income, employment or bank accounts

☒ criminal history includes conviction for evading peace officer

☒ history of substance use

As to danger to the community:

☒ Defendant charged with (1) conspiracy to commit interstate railroad cargo theft, possession or receipt of stolen interstate railroad cargo, and violence against railroad carriers; (2) theft and possession of interstate railroad cargo; and (3) violence against railroad carriers. The alleged conspiracy involves the burglary of more than 70 train containers and stolen cargo worth over $22 million. Defendant's alleged role involved breaking into cargo containers and stealing cargo, assisting in loading, unloading and transporting stolen cargo to stash locations, and acting as a lookout. Defendant is also charged with two counts of wrecking and disabling railroad on-track equipment on trains used and operated by the Union Pacific Railroad company while the equipment was carrying a passenger or employee.

☒ criminal history includes recent convictions in 2024 and 2025 for second degree burglary, receiving stolen property and evading a peace officer, for which Defendant is currently on probation.

☒ unrebutted presumption

V.

IT IS THEREFORE ORDERED that the defendant be detained until trial. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will

deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated: November 19, 2026

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE